ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
FRANK D. KORTUM
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5710
    Facsimile: (213) 894-7177
    E-mail: Frank.Kortum@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ONE 2007 JAGUAR XKR,<br><br>    Defendant. | No. CV 14-00456-CBM (RZx)<br><br>**CONSENT JUDGMENT [JS-6]** |
| EMMANUEL IBE KACHIKWU,<br><br>    Claimant. | |

    On January 21, 2014, plaintiff United States of America ("plaintiff" or the "government") filed a Complaint for Forfeiture against One 2007 Jaguar XKR.  The government alleged that the vehicle was subject to forfeiture pursuant to 19 U.S.C. §§ 1595a(c)(1)(A) and 1595a(c)(2)(A).

    On March 14, 2014, Claimant filed a claim to the defendant One

2007 Jaguar XKR ("defendant vehicle") and, on April 16, 2014, an Answer. No other claims have been filed and the time for filing claims and answers has expired.

The government and Claimant have agreed to settle this forfeiture action and to avoid further litigation. The Court, having been duly advised of and having considered the matter, and based upon the consent of plaintiff and Claimant,

**HEREBY ORDERS, ADJUDGES, AND DECREES:**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

2. The Complaint for Forfeiture states claims for relief pursuant to 19 U.S.C. §§ 1595a(c)(1)(A) and 1595a(c)(2)(A).

3. Notice of this action has been given in accordance with law. All potential claimants to the defendant vehicle other than Claimant are deemed to have admitted the allegations of the Complaint. The allegations set out in the Complaint are sufficient to establish a basis for forfeiture.

4. Claimant agrees to pay a total of $10,000.00 as an amount in lieu of forfeiture of the defendant vehicle. Such payment shall be made by cashier's check or money order payable to U.S. Customs and Border Protection and sent to: Fines, Penalties, & Forfeitures Office, 301 East Ocean Blvd., Ninth Floor, Long Beach CA 90802. The cashier's check or money order should include FP&F number 2011-2704-001427. If Claimant fails to make the payment as and when required by this paragraph, he shall be deemed to have waived all of his right, title, claims and interest in and to the defendant vehicle and consents to the administrative forfeiture of the defendant vehicle without further notice. Additionally, claimant shall

satisfy any liens against the defendant vehicle and pay to the seized property contractor all seizure and storage-related costs. If there is any delay in picking up the defendant vehicle, claimant will be responsible for any and all additional storage charges.

     5.   Claimant shall promptly make arrangements for the exportation of the defendant vehicle from the seaport of Los Angeles/Long Beach California, United States,to a country that is non-contiguous with the United States. The defendant vehicle must physically leave the United States and cannot be placed into a Foreign Trade Zone, customs bonded warehouse, or similar location within the United States. Within 14 days of the entry of this Judgment and prior to presentation to the Export Desk, Claimant shall present the Immediate Exportation Entry form (CBP Form 7512) with an annotation in the body of the form stating "SEIZURE- FOR EXPORT ONLY" and all necessary and appropriate documents to CBP LA/LB Seaport Import Specialist Team 739 for review. Upon approval by Team 739, Claimant shall file the Immediate Exportation Entry (CBP Form 7512) and all necessary and appropriate paperwork with the agency's Export Desk. After the Immediate Exportation Entry has been approved by the Export Desk, Claimant must provide a complete and accurate copy of the approved export documents to FP&F.

     6.   Claimant must make the necessary arrangements to ensure that the defendant vehicle is physically exported from the United States no later than 60 days after CBP issues the disposition order notifying the contract storage facility that the vehicle may be released for exportation. If the defendant vehicle is not exported within 60 days after CBP issues the disposition order notifying the contract storage facility that the vehicle may be released for

exportation, then Claimant waives all of his right, title, claims and interest in the defendant vehicle and in any payments made to CBP pursuant to this consent judgment, and Claimant consents to the seizure and administrative forfeiture of the defendant vehicle without further notice.  The time limits set forth herein may not be extended unless a written request for an extension is submitted by Claimant and written approval is obtained from the agency before expiration of the applicable time limits.

    7.  Upon satisfaction of Claimant's obligations in paragraphs 4 (payment) and 5 (export paperwork), CBP will release the defendant vehicle and notify Claimant that the defendant vehicle may be exported.  If the defendant vehicle remains in storage for any amount of time after the date arranged by the contract storage facility for Claimant to pick up the defendant vehicle, Claimant shall be responsible for additional storage costs as determined by the contract storage facility.  Such costs shall be paid directly to the contract storage facility, and the contract storage facility shall not release the defendant vehicle unless and until Claimant pays any additional accrued storage costs.

    8.  Claimant agrees that he will provide to FP&F a copy of the on-board bill of lading within 14 days of receipt by the carrier of the defendant vehicle for export from the United States.  In addition, Claimant agrees that he will provide to FP&F, within 14 days of its occurrence, proof of arrival and unlading of the defendant vehicle in the country to which it is exported or the first country in which the defendant vehicle is unladen after its export from the United States.

    9.  Claimant agrees that he will not import the defendant

vehicle to the United States or any of its territories. Claimant bears the risk of any denial or refusal of entry of the defendant vehicle into a foreign country or territory. If the defendant vehicle is returned by Claimant to the United States or any of its territories for any reason, it shall be seized and Claimant waives all of his rights, title, claims and interests in the defendant vehicle and any other merchandise used to facilitate the reintroduction of the defendant vehicle, as well as his rights, title, claims and interests to any payments made to CBP pursuant to this consent judgment, and Claimant consents to the seizure and administrative forfeiture of the defendant vehicle and any facilitating property without further notice.

10. Within 60 days of Claimant's providing FP&F a copy of the on-board bill of lading, the agency will initiate the return of the CF301 bond, without interest, posted by Claimant on April 23, 2012, concerning the seized property, to Claimant through his counsel, Ogochukwu Victor Onwaeze at Onwaeze Law Group at 3250 Wilshire Blvd, Suite 1500, Los Angeles, California 90010.

11. Claimant hereby releases and forever discharges the United States, its officers, agents, servants, and employees, their heirs, successors, and assigns, from any and all actions, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which Claimant, his heirs, successors, or assigns, ever had, now has, or may have in the future in connection with the detention, seizure, forfeiture, remission, release, and/or other disposition of the defendant vehicle in this case.

12. Claimant agrees to hold and save the United States, its

officers, agents, servants, and employees, their heirs, successors, and assigns, harmless from, and indemnify them for any and all lawsuits or claims of any character whatsoever by any others, including costs and expenses for or on account of such lawsuits or claims, in connection with the detention, seizure, forfeiture, remission, release, and/or other disposition of the defendant vehicle in this case.

13. By agreeing to the entry of this consent judgment Claimant agreed to withdraw his request to proceed to judicial forfeiture of the defendant vehicle. Claimant waived and relinquished all rights to contest this case, including all judicial review of the seizure of the defendant vehicle. Any breach of the terms of this consent judgment shall enable CBP to proceed with the administrative forfeiture of the defendant vehicle without any further notice to Claimant.

14. Claimant has acknowledged that the government had probable cause for the seizure of the defendant vehicle. The theft of the defendant vehicle from the manufacturer, as alleged in the complaint, occurred before claimant's acquisition of the vehicle from a dealership and did not involve claimant. The government and Claimant shall bear their own attorney's fees and costs, if any, and waive any right to appeal of this action.

///
///
///

15. The Court finds that there was reasonable cause for the seizure of the defendant vehicle and institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

All pending hearings are now taken off calendar.

DATED: July 28, 2014      _____
                          HON. CONSUELO B. MARSHALL
                          UNITED STATES DISTRICT JUDGE

**PRESENTED BY:**

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


_____/s/_____
FRANK D. KORTUM
Assistant United States Attorney

Attorney for Plaintiff
UNITED STATES OF AMERICA